**Sue MARGOLIS, Plaintiff—Appellant,**

v.

**TEKTRONIX, INC., an Oregon corporation, Defendant— Appellee.**

No. 01–35020.

D.C. No. CV–99–00345–AS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Aug. 2, 2002.

showed that defendant acted as "go-between"          for buyer and seller).

Before GOODWIN, T.G. NELSON and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Plaintiff Sue Margolis appeals the district court's summary judgment in favor of her former employer Tektronix, Inc., in her action alleging sex discrimination under federal and state law. We reverse and remand.

The parties are familiar with the underlying facts, so we proceed to the analysis. Title VII, 42 U.S.C. § 2000e, prohibits an employer from discriminating against someone because of that person's gender. The Oregon state law counterpart, ORS § 659.030(1)(a)-(b), can be analyzed together with the federal claim. *See Heller v. EBB Auto Co.,* 8 F.3d 1433, 1437 n. 2 (9th Cir.1993); *Winnett v. City of Portland,* 118 Or.App. 437, 442, 847 P.2d 902 (1993). A claim of disparate treatment under Title VII requires direct or circumstantial proof of discriminatory motive. *See Washington v. Garrett,* 10 F.3d 1421, 1431–32 (9th Cir. 1993). In order to prevail in such a case, a plaintiff must first establish a prime facie case of discrimination. The burden of production then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. The plaintiff is then afforded an opportunity to demonstrate that the employer's proffered reason was pretextual. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 807, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

"As a general matter, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because 'the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record.'" *Chuang v. Univ. of Calif. Davis,* 225 F.3d 1115, 1124 (9th Cir.2000) (quoting *Schnidrig v. Columbia Mach., Inc.,* 80 F.3d 1406, 1410 (9th Cir.1996)).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## I. *Prima Facie Case*

Under *McDonnell Douglas,* disparate treatment plaintiffs can establish a prima facie case of discrimination under Title VII by showing that (i) they belong to a protected class; (ii) they were qualified for the position; (iii) they were subject to an adverse employment action; and (iv) similarly situated individuals outside their protected class were treated more favorably. *See McDonnell Douglas,* 411 U.S. at 802; *Chuang,* 225 F.3d at 1123. In a case such as this one, in which it is alleged that a reduction in workforce was carried out in a discriminatory fashion, the plaintiff may establish her prima facie case by demonstrating: "(1) that she belongs to a protected class; (2) that she was discharged from a job for which she was qualified; and (3) that others not in her protected class were treated more favorably." *Washington,* 10 F.3d at 1434. There is no question that Margolis belongs to a protected class, so we confine our analysis to the second and third factors.

### A. *"Qualified" for the Job*

■ We agree with Margolis that the employer's evidence as to the relative qualifications of her peers in assessing whether Margolis was "qualified" or performing satisfactorily should not have been considered under the second factor. Consideration of such evidence erroneously blurs the distinction between the *McDonnell Douglas* stages of proof. We do not require a plaintiff to be *"more* qualified" or *"more* satisfactory" *than other employees* at this stage of the inquiry. *See Washington,* 10 F.3d at 1434 (formulating the second factor as whether plaintiff was discharged "from a job for which she was qualified"); *Messick v. Horizon Indus. Inc.,* 62 F.3d 1227, 1229 (9th Cir.1995) (describing second factor as whether plaintiff "was performing his job in a satisfactory manner").

Margolis has presented sufficient evidence that she was qualified for her position and was performing satisfactorily to support a prima facie case. Margolis had been employed by Tektronix for 15 years. Prior to her termination, she met her supervisor's performance standards as reflected in her 1997 and 1998 performance reviews. Specifically, the 1998 review, signed by her supervisor just weeks before he referred her for termination, indicated that her "[r]esults consistently meet and sometimes exceed expectations." In his deposition testimony, her supervisor agreed that Margolis was a good employee and that she met his expectations.

### B. *Treatment of Male Co-workers*

The final factor is whether Margolis' male peers were treated more favorably than her (i.e., were not terminated). The district court found inadequate Margolis' evidence that she was as qualified as the other male managers, and thus held that Margolis failed to establish that *similarly situated* male employees received more favorable treatment. But, as discussed *supra,* we defer detailed examination of a plaintiff's relative qualifications to the pretext stage. *See, e.g., Bradley v. Harcourt, Brace and Co.,* 104 F.3d 267, 270 (9th Cir.1996); *Schuler v. Chronicle Broad. Co.,* 793 F.2d 1010, 1011 (9th Cir.1986). Accordingly, Margolis' showing that seven other male managers at her level retained their jobs while she did not, coupled with her proof of satisfactory performance, is sufficient to establish a prima facie case of discrimination.

## II *Employer's Proffered Reason and Pretext*

■ Because Margolis has established a prima facie case, the burden shifts to Tek-

tronix to articulate a non-discriminatory reason for the termination. Tektronix asserts that the layoff of employees (including Margolis) was the result of an economically compelled reduction in workforce. Tektronix further asserts that Margolis was specifically selected for termination based on her relatively inferior qualifications and skills set as a manager, as revealed through her relative score on the skills matrix which her supervisor had prepared as part of the layoff process. The burden now shifts back to Margolis to raise a genuine issue of fact whether, viewing the evidence in the light most favorable to Margolis, Tektronix' proffered reason is pretextual.

A plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is "unworthy of credence" because it is inconsistent with the evidence or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer. *See Chuang,* 225 F.3d at 1127 (citing *Godwin,* 150 F.3d at 1220–22). "These two approaches are not exclusive; a combination of the two kinds of evidence may in some cases serve to establish pretext so as to make summary judgment improper." *Id.*

Because the district court did not reach the pretext stage of the inquiry, it did not consider all of Margolis' evidence on pretext. Margolis' principal argument is that, contrary to the results of her supervisor's matrix, she is more qualified than one or more male managers who were retained. Tektronix' reliance on the matrix, she argues, is thus pretextual. The main issue is whether Margolis' evidence on this point, if believed, is adequate. Margolis offers several types of evidence tending to show that she is more qualified than at least one male manager (Berquist). First, she relies on her own deposition testimony, in which she states that she was more innovative, more productive, better at meeting commitments, and carried more responsibility than Berquist. Second, Margolis offers the testimony of a peer manager who states that Margolis appeared to be a stronger leader, better problem solver, more innovative, and slightly more skilled in business and manufacturing than Berquist. Third, Margolis presented the 1996 peer reviews of Berquist by other managers that specifically indicated several of Berquist's deficiencies.

Margolis also offers evidence which tends to show an atmosphere of gender discrimination, which a jury may find to have tainted the layoff decision. According to Margolis, her supervisor would rarely hear women in staff meetings and gave her inferior work assignments. Margolis further stated in her deposition that her supervisor had told her that others considered her "pushy" and "aggressive," and supported this statement by pointing to his comments in her 1998 performance review. Margolis had construed these comments to mean that Blair found her pushy and aggressive *for a woman.* Sexual stereotyping, as possibly indicated by such remarks, can serve as evidence that gender played a role in the employer's decision. *See Price Waterhouse v. Hopkins,* 490 U.S. 228, 251, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). While her supervisor's comments might not have been as blatant as the sex stereotypes in *Price Waterhouse,* the subjective nature of the skills matrix—prepared specifically for the workforce reduction—left ample room for such stereotypes to affect Margolis' scores, especially in areas such as "leadership" and "teamwork" where aggressiveness by a female might be impermissibly penalized.

Margolis' evidence is sufficient to survive summary judgment. A jury could find that Tektronix' reliance on the skills

matrix is a pretext for discrimination if it believes that Margolis was, in fact, more (or at least as) qualified than Berquist. Unlike the plaintiffs in *Bradley* and *Schuler*, Margolis is not merely relying on "subjective personal judgments." She provides specific examples of Berquist's shortcomings, which are corroborated by peer assessments. The fact that some of Margolis' proof appears in her own deposition testimony does not affect its admissibility, but rather its weight at trial. A jury could also find that Margolis' supervisor's treatment of her and other women, and his "pushy" and "aggressive" comments, were evidence of sex stereotyping and discriminatory treatment.

REVERSED and REMANDED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.